UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                    **<u>ORDER TO SHOW CAUSE</u>**

                Plaintiff,

 - against -                                              2:14-cr-403-DRH-SIL-1
SOFIA ATIAS,                                            2:21-cv-05769-DRH

                Defendant.
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,          2:14-cr-403-DRH-SIL-2

 - against -                                              2:21-cv-05785-DRH
JOSEPH ATIAS,

                Defendant.
-------------------------------------------------------------X

**HURLEY, Senior District Judge:**

Defendant-Petitioners Sofia Atias and Joseph Atias were found guilty in March 2017 of bank fraud, conspiracy to commit bank fraud, and theft of government funds. (*See* Minute Entry dated March 30, 2017 [DE 237]). They appealed their convictions in August 2018. (*See* Notices of Appeal [DE 333–35]). The Second Circuit affirmed the convictions in a Summary Order and Judgment dated April 1, 2020. (*See* Docket Entry 264, *United States v. Atias*, Nos. 18-2059, 18-2259 (2d Cir. Apr. 1, 2020)). The Atiases petitioned the Circuit for a panel rehearing, which the Second Circuit denied on July 15, 2020. (*See* Docket Entry 281, *United States v. Atias*, Nos. 18-2059, 18-2259 (2d Cir. July 15, 2020)). No petition for certiorari was filed with the Supreme Court. (*See* Def. Mem. at 6 [DE 365]). Defendant-Petitioners filed 28 U.S.C. § 2255 petitions with this Court on October 15, 2021. [DEs 365, 366].

A one-year limitations period applies to § 2255 petitions. "The limitation period shall run from the latest of the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run," *i.e.* a conviction becomes final, "when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Under Supreme Court Rule 13, a party must petition for certiorari "within 90 days" of either "the date of entry of the judgment or order sought to be reviewed" or the date on which rehearing is denied by the lower court.

Here, Defendant-Petitioners' time to petition the Supreme Court for a writ of certiorari began on July 15, 2020 (the date on which the Second Circuit denied Defendant-Petitioner's rehearing petition) and thus expired on October 13, 2020 (ninety days later). By consequence, the one-year limitations period to bring their § 2255 petitions lapsed on October 13, 2021. Defendant-Petitioners filed their § 2255 petitions on October 15, 2021, *i.e.*, after the deadline.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**, on or before June 7, 2022, Defendant-Petitioners show cause in writing why their § 2255 motions should not be dismissed as untimely.

**IT IS FURTHER ORDERED THAT**, on or before June 17, 2022, the Government may respond to Defendant-Petitioners' submission(s).

**SO ORDERED.**

Dated: Central Islip, New York                s/ Denis R. Hurley
       May 26, 2022                                 Denis R. Hurley
                                           United States District Judge